1   NEWPORT TRIAL GROUP
    A Professional Corporation
2   Scott J. Ferrell, Bar No. 202091
    sferrell@trialnewport.com
3   Richard H. Hikida, Bar No. 196149
    rhikida@trialnewport.com
4   David W. Reid, Bar No. 267382
    dreid@trialnewport.com
5   Victoria C. Knowles, Bar No. 277231
    vknowles@trialnewport.com
6   4100 Newport Place Drive, Ste. 800
    Newport Beach, CA  92660
7   Tel: (949) 706-6464
    Fax: (949) 706-6469
8
    Attorneys for Plaintiff
9   KYLE JOHNSON

10              **UNITED STATES DISTRICT COURT**

11           **EASTERN DISTRICT OF CALIFORNIA**

12  KYLE   JOHNSON,   individually   and   on        Case No. 2:16-cv-1148-MCE-CKD
    behalf of all others similarly situated,
13                                                    **PLAINTIFF'S MEMORANDUM OF**
                   Plaintiff,                         **POINTS AND AUTHORITIES IN**
14                                                    **OPPOSITION TO MOTION TO**
            v.                                        **DISMISS FOR FAILURE TO STATE**
15                                                    **A CLAIM UPON WHICH RELIEF**
    PLURALSIGHT, LLC, a Nevada limited                **CAN BE GRANTED**
16  liability company; and DOES 1 – 10,
    inclusive,                                        [Request for Judicial Notice and
17                                                    Objections to Defendant's Request for
                   Defendants.                        Judicial Notice filed concurrently
18                                                    herewith]

19                                                    Date:       July 28, 2016
                                                      Time:       2:00 p.m.
20                                                    Courtroom:  7, Fourteenth Floor
                                                      Judge:      Hon. Morrison C. England, Jr.
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      SUMMARY OF ALLEGATIONS..................................................................................1

II.     ARGUMENT .............................................................................................................1

        A.      Plaintiff May Bring A Private Claim Under the ARL...............................1

                1.      Legal Standard for Assessing Whether a Party Has a Right to
                        Sue for a Violation of a California Statute. ...............................2

                2.      Defendant Ignores that the ARL Is a Remedial Statute, Which
                        Must Be Liberally Construed. ..................................................2

                3.      The Detailed Analysis and Holding in *Kissel v. Code42
                        Software, Inc.* Supports Plaintiff's Position. ..........................3

                4.      Defendant Has Failed to Address *In re Trilegiant Corporation.* ..........5

                5.      Defendant's Interpretation Fails to Harmonize the Statutes
                        Comprising the ARL. ..............................................................6

                        a)      Defendant's Interpretation Fails to Recognize the
                                Significance of the Fact that Section 17603 Provides
                                Consumers with a Civil Remedy. ................................6

                        b)      Defendant Fails to Harmonize the Inclusion of the
                                Word "Services" in Sections 17600 and 17601(d) with
                                Its Absence in Section 17603. ....................................7

                6.      Resort to Legislative History Is Unnecessary Given the Plain
                        Meaning of the ARL. ...............................................................9

                7.      The Legislative History Supports Plaintiff's Interpretation. ...............10

        B.      Defendant's "Good Faith" Affirmative Defense Arguments Are
                Improper Via a Motion to Dismiss. ............................................11

        C.      Plaintiff Has Sufficiently Plead that He Is a "Consumer" Within the
                Meaning of the ARL. ....................................................................14

                1.      Defendant's Attempt to Construe a "Tangible" Limitation to
                        the Term "Consumer" Is Wrong. ............................................15

                2.      Plaintiff Has Alleged that He Purchased Defendant's Product
                        for Personal, Household, or Household Purposes. ....................15

        D.      Plaintiff Has Alleged that He Is a California Consumer. ...................15

        E.      Plaintiff Has Statutory Standing For His UCL Claim. .......................16

                1.      Defendant Ignores the Guidance of *Kissel v. Code42 Software,
                        Inc.* that Actual Reliance Is Not Required as to Causation
                        Allegations that Do Not Sound in Fraud. .................................16

- i -

        2.   Plaintiff's Claims H ere Do Not Sound in Fraud. ...................................17

        3.   Defendant Ignores the Guidance of *Kissel v. Code42 Software, Inc.* that Allegations of Causation Are Sufficient Based on a Relaxed Standard. ...................................................................................18

        4.   Plaintiff Admits that a Plaintiff Can Bring a UCL Claim Premised on an ARL Violation Under the "Unlawful" Prong. ...........................19

        5.   A UCL Claim Can Be "Tethered" to an ARL Violation. ....................................20

        6.   Defendant Fails to Recognize that Plaintiff Did Not Invoke the "Fraudulent" Prong of the UCL. ..........................................................20

    F.   If the Court Is Inclined to Grant This Motion, Leave to Amend Should Be Granted. ...................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ades v. Omni Hotels Mngt. Corp.*,
   No. 2:13-CV-2468-CAS(MANx), 2014 WL 4577906 (C.D. Cal. Sept. 8, 2014).............................9

*ASARCO, LLC v. Union Pac. R. Co.*,
   765 F.3d 999 (9th Cir. 2014) ...........................................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................12, 13, 15

*Backus v. General Mills, Inc.*,
   122 F. Supp. 3d 909, 925-26 (N.D. Cal. 2015) ....................................................17, 19, 20

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................12, 13, 15

*Dominguez v. FS1 Los Angeles, LLC*,
   No. CV 15-09683-RSWL-AJWx, 2016 WL 2885861 (C.D. Cal. May 17, 2016) .........................11

*Fields v. Wise Media, LLC*,
   No. C 12-05160 WHA, 2013 WL 3187414 (N.D. Cal. June 21, 2013) ...................................19, 20

*In re Trilegiant Corp., Inc.*,
   11 F. Supp. 3d 82, 126 (D. Conn. 2014) ..............................................................................5, 20

*Kissel v. Code42 Software, Inc.*,
   Case No. 8:15-cv-01936-JLS-KES, slip op. (C.D. Cal. Apr. 14, 2016)................................. *passim*

*Noll v. eBay Inc.*,
   No. 5:11-CV-04585-EJD, 2013 WL 2384250 (N.D. Cal. May 30, 2013) .......................................5

*Sams v. Yahoo! Inc.*,
   713 F.3d 1175 (9th Cir. 2013) .........................................................................................11

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) .........................................................................................13

*Svenson v. Google Inc.*,
   No. 13-CV-04080-BLF, 2015 WL 1503429 (N.D. Cal. Apr. 1, 2015) .....................................17, 19

*Xechem, Inc. v. Bristol-Myers Squibb Co.*,
   372 F.3d 899 (7th Cir. 2004) .........................................................................................11

**California Cases**

*Ceridian Corp. v. Franchise Tax Board*,
   85 Cal. App. 4th 875 (2000)..............................................................................................9

*City of Sacramento v. Public Employees' Retirement System*,
   22 Cal. App. 4th 786 (1994)..............................................................................................9

- iii -

*Cortez v. Purolator Air Filtration Prods. Co.*,
    23 Cal. 4th 163 (2000) ....................................................................................4, 18

*Delaney v. Superior Court*,
    50 Cal. 3d 785 (1990) ............................................................................................9

*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (2010) ...........................................................................17

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) .........................................................................................17

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ....................................................................................5, 17

*Lazar v. Superior Court*,
    12 Cal. 4th 631 (1996) .........................................................................................18

*Leader v. Cords*,
    182 Cal.App.4th 1588 (2010) ............................................................................2, 5

*Lu v. Hawaiian Gardens Casino, Inc.*,
    50 Cal. 4th 592 (2010) ..................................................................................2, 5, 9

*Sierra Club v. Superior Court*,
    57 Cal. 4th 157 (2013) ...........................................................................................4

*Tuolumne Jobs & Small Bus. Alliance v. Superior Court*,
    59 Cal. 4th 1029 (2014) ......................................................................................6, 7

**California Statutes**

Cal. Bus. & Prof. Code
    § 17200 ...................................................................................................... *passim*
    § 17534 ..............................................................................................................3, 4
    § 17535 .........................................................................................................3, 4, 5
    § 17600 ...................................................................................................... *passim*
    § 17601(b) .............................................................................................................1
    § 17601(d) .......................................................................................................8, 15
    § 17602 ......................................................................................................5, 6, 20
    § 17602(a) .............................................................................................4, 15, 16
    § 17602(a)(3) .......................................................................................1, 12, 14
    § 17602(b) ..........................................................................................1, 12, 14
    § 17603 ...................................................................................................... *passim*
    § 17604(a) ..........................................................................................................3, 4
    § 17604(b) ...........................................................................................................11

Cal. Civ. Code
    § 1709 .................................................................................................................18
    § 1710(1) ............................................................................................................18

Code of Civil Procedure
    § 382 ...................................................................................................................4

OPPOSITION TO MOTION TO DISMISS

**Federal Rules**

Rule 12(b)(6) ........................................................................................................11, 13, 15

**Other Authorities**

Rutter Group, *Federal Civil Procedure Before Trial* ¶ 9:213, at 9-82 (2016) ......................................12

Rutter Group, *Federal Civil Procedure Before Trial* ¶ 9:215, at 9-83 (2016) ......................................12

OPPOSITION TO MOTION TO DISMISS

## I.  SUMMARY OF ALLEGATIONS

As set forth in the Complaint, Plaintiff Kyle Johnson ("Plaintiff") alleges two causes of action for violations of California's Automatic Renewal Law ("ARL"), Cal. Bus. & Prof. Code §§ 17600 *et seq.*, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*  Specifically, he alleges that Defendant Pluralsight, LLC ("Defendant") violated Business & Professions Code §§ 17602(a)(3) and 17602(b) by failing to provide an acknowledgment with automatic renewal offer terms[1] and information regarding Defendant's cancellation policy (First Cause of Action); and, due to these enumerated violations, in turn, violated the UCL (Second Cause of Action).

As factual support for these claims, Plaintiff alleges that he purchased a subscription for Defendant's online technology training and related products/services. (Compl. ¶¶ 7-8, 18.)  The acknowledgment of purchase provided to Plaintiff did not contain the requisite automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that was capable of being retained by Plaintiff.  (Compl. ¶ 19.)

## II.  ARGUMENT

### A.  Plaintiff May Bring A Private Claim Under the ARL.

Defendant contends that the ARL does not create a private cause of action and does not allow direct civil claims.  (Mtn. Dismiss at 6:9-10.)  Defendant contends,

---

[1] "'Automatic renewal offer terms' means the following clear and conspicuous disclosures:
(1) That the subscription or purchasing agreement will continue until the consumer cancels.
(2) The description of the cancellation policy that applies to the offer.
(3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known.
(4) The length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer.
(5) The minimum purchase obligation, if any."
(Cal. Bus. & Prof. Code § 17601(b).)

1 "[T]he Legislature confined its discussion of remedies to Section 17604, which says

2 only that 'all available civil remedies that apply to a violation of this article may be

3 employed.'" (Mtn. Dism. at 7:7-9.)   Defendant adds, "This is plainly a reference to

4 existing civil remedies, rather than a provision designed to create a brand new private

5 right of action." *Id.* at 7:9-11.  This Court should reject these contentions.

### 1. Legal Standard for Assessing Whether a Party Has a Right to Sue for a Violation of a California Statute.

8      "A violation of a state statute does not necessarily give rise to a private cause of

9 action."  *Lu v. Hawaiian Gardens Casino, Inc*., 50 Cal. 4th 592, 596 (2010) (citing

10 *Vikco Ins. Servs., Inc. v. Ohio Indem. Co*., 70 Cal. App. 4th 55, 62 (1999)).  "Instead,

11 whether a party has a right to sue depends on whether the Legislature has 'manifested an

12 intent to create such a private cause of action' under the statute."  *Id.* (citing *Moradi-*

13 *Shalal v. Fireman's Fund Ins. Cos*., 46 Cal. 3d 287, 305 (1988)).  "Such legislative

14 intent, if any, is revealed through the language of the statute and its legislative history."

15 *Id.* (citation omitted).  "A statute may contain 'clear, understandable, unmistakable

16 terms,' which strongly and directly indicate that the Legislature intended to create a

17 private cause of action."  *Id.* at 597 (citing *Moradi-Shalal*, 46 Cal. 3d at 295).  "For

18 instance, the statute may expressly state that a person has or is liable for a cause of

19 action for a particular violation."  *Id.* (citations omitted).  "Or, more commonly, a statute

20 may refer to a remedy or means of enforcing its substantive provisions, *i.e.*, by way of

21 an action."  *Id.* (citations omitted).  "If, however, a statute does not contain such obvious

22 language, resort to its legislative history is next in order."  *Id.* (citations omitted).

### 2. Defendant Ignores that the ARL Is a Remedial Statute, Which Must Be Liberally Construed.

25      Significantly, Defendant's Motion entirely ignores the fact that the Automatic

26 Renewal Law is a remedial statute, which, by definition, is broadly construed under the

27 ordinary rules of statutory construction of California law.  (*See Leader v. Cords,* 182

28 Cal.App.4th 1588, 1598 (2010) (a remedial statute "must be liberally construed 'to

1    effectuate its object and purpose, and to suppress the mischief at which it is directed'")".)

2    This key oversight taints all of Defendant's arguments on this point.

3              **3.**         **The Detailed Analysis and Holding in *Kissel v. Code42 Software,***

4                   ***Inc.* Supports Plaintiff's Position.**

5            Defendant's Motion fails to address *Kissel v. Code42 Software, Inc.*, Case No.

6    8:15-cv-01936-JLS-KES, slip op. [ECF #25] (C.D. Cal. Apr. 14, 2016) (RJN #1), a

7    recent federal district court decision that expressly recognized a private right of action

8    under the Automatic Renewal Law.  In *Kissel*, a California consumer brought a putative

9    class action alleging causes of action directly under the ARL and under the UCL against

10   the defendant, which markets subscriptions to its online computer backup and other

11   related computer ***services***.   *Kissel*, slip op. at 2; RJN #1.  The defendant moved to

12   dismiss the operative complaint on the ground that the ARL did not provide a private

13   right of action.  The federal district court disagreed, "We find that the ARL contains

14   'clear, understandable, [and] unmistakable terms' that reflect a legislative intent to

15   create a private cause of action."  *Kissel*, slip op. at 11; *see also id.* at 13 ("we find that

16   the ARL clearly reflects a legislative intent to create a private right of action"); *id.* at 14

17   ("the statutory text of the ARL clearly evinces an intent to provide a private right of

18   action").  The court in *Kissel* proceeded to explain its reasoning as follows:

19         "The ARL provides: "Notwithstanding Section 17534, a violation of this article

20         shall not be a crime. However, *all available* civil remedies that apply to a
           violation of this article may be employed." Cal. Bus. & Prof. Code § 17604(a)

21         (emphasis added). In relevant part, California Business and Professions Code §
           17535 provides:

22

23               Any person, corporation . . . or any other association or organization which
                 *violates or proposes to violate this chapter* may be enjoined by any court of

24               competent jurisdiction. The court may make such orders or judgments,
                 including the appointment of a receiver, as may be necessary to prevent the

25               use or employment by any person, corporation . . . or any other association
                 or organization of any practices which violate this chapter, or which may be

26               necessary to restore to any person in interest any money or property, real or
                 personal, which may have been acquired by means of *any practice in this*

27               *chapter declared to be unlawful*.

28

Cal. Bus. & Prof. Code § 17535 (emphasis added). The California Legislature intentionally placed the ARL within the same chapter as § 17535, and Article 9 of this chapter—which contains the ARL—declares certain conduct related to automatic renewal or continuous service offers to be unlawful. *See id*. § 17602(a). Accordingly, pursuant to § 17535, injunctive relief and restitution are civil remedies that apply to a violation of the ARL. *See Cortez v. Purolator Air Filtration Prods. Co*., 23 Cal. 4th 163, 173 (2000) (finding that identical language provides injunctive relief and restitution for violations of the UCL). Notably, § 17535 also provides:

> Actions for injunction under this section may be prosecuted by the Attorney General or any district attorney, county counsel, city attorney, or city prosecutor in this state in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation . . . or by *any person* who has suffered injury in fact and has lost money or property as a result of a violation of this chapter. *Any person may pursue representative claims or relief on behalf of others* only if the claimant meets the standing requirements of this section and complies with Section 382 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

Cal. Bus. & Prof. Code § 17535 (emphasis added). The ARL expressly states that "all available civil remedies that apply to a violation of this article may be employed," *id*. § 17604(a), and **§ 17535 – a provision through which the civil remedies of injunctive relief and restitution may be applied to a violation of the ARL – expressly allows private plaintiffs to prosecute such actions**. Courts must "consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." *Sierra Club v. Superior Court*, 57 Cal. 4th 157, 166 (2013) (quoting *Curle v. Superior Court*, 24 Cal. 4th 1057, 1063 (2001)). Having done so, **we find that the ARL clearly reflects a legislative intent to create a private right of action**."

*Kissel*, slip op. at 11-13 (emphasis added via bold lettering).   The district court then proceeded to articulate additional reasons supporting its analysis as follows:

> "Additional considerations support this conclusion. Section 17534 provides that "[a]ny person, firm, corporation, partnership or association or any employee or agent thereof who violates this chapter is guilty of a misdemeanor." Cal. Bus. & Prof. Code § 17534. The ARL identifies and disregards § 17534 when it provides that "*[n]otwithstanding Section 17534*, a violation of this article shall not be a crime." *Id*. § 17604(a) (emphasis added). By identifying and disregarding *only* § 17534, the Legislature implied that all other provisions providing civil remedies for violations of this chapter—including § 17535—unconditionally apply to the ARL. The Legislature understands how to limit the remedies and

OPPOSITION TO MOTION TO DISMISS

relevant enforcement actions available for a statutory violation, and it did so in this instance. However, the Legislature did *not* limit, in any manner, the application of § 17535 to the ARL. Thus, **the statutory text of the ARL clearly evinces an intent to provide a private right of action**.

Moreover, the statutory text expressly states "[i]t is the intent of the Legislature *to end the practice* of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof. Code § 17600 (emphasis added). "A remedial statute must be liberally construed to effectuate its object and purpose, and to suppress the mischief at which it is directed." *Leader v. Cords*, 182 Cal. App. 4th 1588, 1598 (2010) (internal quotation marks omitted) (quoting *Tintocalis v. Tintocalis*, 20 Cal. App. 4th 1590, 1592 (1993)). "[G]iven the significant role [that] private consumer enforcement plays for many categories of unfair business practices," *see Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 330 (2011) (citations omitted), **prohibiting private consumer enforcement in this instance would contravene this legislative intent. Allowing a private right of action therefore supports the legislative intent to "end" the identified misconduct.** Finally, we observe that this reading of the ARL is consistent with that of other district courts that have interpreted the ARL to provide a private cause of action. *See In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 126 (D. Conn. 2014) (finding that the ARL "provides a private cause of action for customers who are harmed in California."); *Noll v. eBay Inc.*, No. 5:11-CV-04585-EJD, 2013 WL 2384250, at *6 (N.D. Cal. May 30, 2013) (suggesting that in the ARL, the California Legislature provided a private right of action for only in-state consumers).

Thus, in viewing the statutory text of the ARL as well as the statutory scheme of which it is a part, we conclude that the ARL reflects a clear legislative intent to provide a private right of action. Having found that the statute contains this obvious language, **we need not look to the legislative history for the purposes of this inquiry**. *See Lu*, 50 Cal. 4th at 597. Dismissal is therefore unwarranted on this basis."

*Kissel*, slip op. at 13-14 (emphasis added via bold lettering).

This Court can and should adopt the persuasive reasoning of the district court in *Kissel*.

### 4.    Defendant Has Failed to Address *In re Trilegiant Corporation*.

Defendant's Motion fails to address *In re Trilegiant Corporation,* 11 F. Supp. 3d 82 (D. Conn. 2014), a recent federal district court decision that expressly recognized a private right of action under the Automatic Renewal Law, and which was cited by the district court in *Kissel*.  *Kissel*, slip op. at 14.  In that case, the plaintiffs filed a putative class action complaint that included a claim under Business & Professions Code Section

17602.  Although the defendants moved to dismiss that claim based on the alleged lack of sufficiency of the pleadings, the district court rejected the defendants' arguments and held that "the Plaintiffs have sufficiently alleged facts that could constitute a violation of the Automatic Renewal Statute."  (11 F. Supp. 3d at 126.)  In other words, the federal court did not find it problematic that the plaintiffs' claim was based expressly on a violation of Section 17602 alone, with no other statutory basis for suit.

### 5. Defendant's Interpretation Fails to Harmonize the Statutes Comprising the ARL.

#### a) Defendant's Interpretation Fails to Recognize the Significance of the Fact that Section 17603 Provides Consumers with a Civil Remedy.

Plaintiff's interpretation is further supported by the fact that Section 17603 of the Business and Professions Code[2] provides consumers with a civil remedy that consumers can directly pursue themselves against sellers.

Although Defendant argues that Section 17603 of the Business and Professions Code "is not a liability provision at all, and it certainly does not give consumers a right to bring civil claims against businesses," (Mtn. Dismiss at 9:2-3), Defendant's position is unreasonable because it fails to harmonize the statutes comprising the ARL. Defendant makes no attempt to address well-established rules of statutory construction, including the rule that "statutes must be harmonized, both internally and with each other, to the extent possible," and the rule that "[i]nterpretations that lead to absurd results or render words surplusage are to be avoided." *Tuolumne Jobs & Small Bus. Alliance v.*

---

[2] Section 17603 states:  "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business." (Cal. Bus. & Prof. Code § 17603.)

*Superior Court,* 59 Cal. 4th 1029, 1037 (2014).  Indeed, "[i]t is a maxim of statutory interpretation that courts should give meaning to every word of a statute and should avoid constructions that would render any word or provision surplusage." *Id.* at 1038.

Simply put, Defendant's construction of Section 17603 as providing no private right of action to enforce the "unconditional gift" language therein would lead to absurd results and render the "unconditional gift" language in that statute as mere surplusage. In fact, it would render the entire statute meaningless.  Defendant has made no attempt to apply the statutory construction requirements noted above to harmonize the language in Section 17603 by interpreting the "unconditional gift" language as privately actionable consistent with the ARL's detailed statutory scheme and the express purpose underlying the ARL as articulated by the Legislature in Section 17600.  (Cal. Bus. & Prof. Code § 17600) ("It is the intent of the Legislature to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service.").

> **b)      Defendant Fails to Harmonize the Inclusion of the Word**
> **"Services" in Sections 17600 and 17601(d) with Its**
> **Absence in Section 17603.**

Defendant also argues that even if a private right to sue exists under Section 17603, because Section 17603 refers to "goods, wares, merchandise or products," but not to "services," Plaintiff cannot maintain his causes of action in any event.  (Mtn. Dism. at 9:13-17.)

Defendant's position, however, ignores the explicit reference of the phrase "ongoing delivery of service" within Section 17600 of the Business & Professions Code expressly stating the Legislature's intent in creating the ARL.  (Cal. Bus. & Prof. Code § 17600) ("It is the intent of the Legislature to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers'

explicit consent for ongoing shipments of a product ***or ongoing deliveries of service***.")
(emphasis added).

In addition, Defendant's position eviscerates the inclusion of the word "services" within the definition of the word "Consumer," as set forth in Section 17601(d) of the Business and Professions Code, which is part of the same statutory scheme comprising the Automatic Renewal Law.  (Cal. Bus. & Prof. Code § 17601(d)) ("'Consumer'" means any individual who seeks or acquires, by purchase or lease, any goods, ***services***, money, or credit for personal, family, or household purposes") (emphasis added).

Defendant's attempt to draw a distinction between "goods" and "services" for purposes of the "unconditional gift" remedy in Section 17603 begs the question whether the Legislature intended, on one hand, to allow a private cause of action by which consumers could seek an "unconditional gift" as a civil remedy for "goods" purchased by consumers without their explicit consent, but, on the other hand, to preclude consumers from pursuing a private cause of action pursuant to the ARL itself for "services" purchased by consumers, despite:  (i) the Legislature's express inclusion of the term "service" within Section 17600, which memorialized the Legislature's intent in creating the ARL; and (ii) the inclusion of the term "services" within Section 17601(d). Plaintiff submits that Defendant's interpretation makes no sense.

Defendant has made no attempt to apply the statutory construction requirements noted above to harmonize the language in Section 17603 by interpreting the "unconditional gift" language as being equally applicable to both "goods" and "services."   In addition, Defendant's definition of "goods" as being limited to "shipments of physical goods," (Mtn. Dism. at 9:16-17), disregards the liberal construction that this statute is to be afforded.  Contrary to Defendant's assumption, the statutory text does not reference "physical goods or merchandise," nor does it define the terms "goods, wares, merchandise, or products" within Section 17603.  The Legislature surely knew how to restrict the scope of Section 17603 to "physical goods," but it chose not to do so.  Simply put, Defendant's construction of Section 17603 as providing no

remedy for Plaintiff because it omits "services" from its language would lead to absurd results and render the "unconditional gift" language in that statute as mere surplusage. In fact, it would render the entire statute meaningless.

Finally, Defendant's position ignores the fact that the complaint in *Kissel* alleged the sale of subscription services as expressly recognized by the court in *Kissel*.  *Kissel*, slip op. at 2.

### 6.   Resort to Legislative History Is Unnecessary Given the Plain Meaning of the ARL.

In seeking judicial notice of certain legislative history attached as Exhibit C to its RJN, Defendant contends that the legislative history of the Automatic Renewal Law is relevant here for the Court's consideration.  (Def.'s RJN Ex. C.)  As stated by the California Supreme Court, however, resort to a statute's legislative history "is next in order" *if* "a statute does not contain" "obvious language" such as an "express[] state[ment] that a person has or is liable for a cause of action for a particular violation," or a "refer[ence] to a remedy or means of enforcing its substantive provisions, *i.e.*, by way of an action."[3]  *Lu*, 50 Cal. 4th at 597.

Here, the foregoing analysis in *Kissel* and Plaintiff's additional analysis of the ARL's statutory text and statutory scheme makes it clear that the ARL provides a private right of action.  *Kissel*, *supra*, slip op. at 14 ("in viewing the statutory text of the ARL as well as the statutory scheme of which it is a part, we conclude that the ARL reflects a clear legislative intent to provide a private right of action. Having found that the statute contains this obvious language, **we need not look to the legislative history for the purposes of this inquiry**") (emphasis added) (citing *Lu*, 50 Cal. 4th at 597).

---

[3] If statutory language is clear and unambiguous, extrinsic evidence of intent, including legislative history, should not be considered.  *See, e.g., Delaney v. Superior Court,* 50 Cal. 3d 785, 800 (1990); *City of Sacramento v. Public Employees' Retirement System,* 22 Cal. App. 4th 786, 793 (1994); *Ceridian Corp. v. Franchise Tax Board,* 85 Cal. App. 4th 875, 889 (2000); *Ades v. Omni Hotels Mngt. Corp.,* No. 2:13-CV-2468-CAS(MANx), 2014 WL 4577906, at *5 (C.D. Cal. Sept. 8, 2014) ("because the statute's meaning is plain and unambiguous, examination of the legislative history is improper").

Here, as detailed above, the language of the Automatic Renewal Law is clear enough that a private cause of action is intended such that resort to legislative history as an interpretive aid is unnecessary. (*See* Cal. Bus. & Prof. Code § 17600) ("It is the intent of the Legislature to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product ***or ongoing deliveries of service***.") (emphasis added).

**7.      The Legislative History Supports Plaintiff's Interpretation.**

Assuming *arguendo* that the Court considers the portion of legislative history cited by Defendant, (RJN Ex. C), such legislative history is meaningless because the cited portion is clearly inapplicable because it says absolutely nothing about the "unconditional gift" that ultimately was included within Section 17603 of the Business and Professions Code.

Indeed, if anything, the legislative history cited by Defendant indicates that the ARL, which was enacted in 2010, was enacted because of the perceived inadequacy of the UCL, which was enacted in 1977, and statutes like it, in protecting California consumers from the specific type of conduct that the Automatic Renewal Law was enacted by the California Legislature to prevent. California's Automatic Renewal Law is intended to further a fundamental policy of California to protect its consumers from ongoing charges to their credit or debit cards without their explicit consent. (Business & Professions Code § 17600) ("It is the intent of the Legislature to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' ***explicit*** consent for ongoing shipments of a product or ongoing deliveries of service") (emphasis added).

Based on the foregoing, this Court should determine that Defendant's interpretation of the Automatic Renewal Law as not providing any private right of action at all is without merit. Defendant's cramped and unreasonable interpretation of the Automatic Renewal Law simply does not comport with applicable legal principles

requiring that it be broadly and liberally construed to effectuate its purposes.  This Court should, thus, permit Plaintiff to proceed on his first cause of action under the ARL.

### B.   Defendant's "Good Faith" Affirmative Defense Arguments Are Improper Via a Motion to Dismiss.

Defendant's Motion relies upon the ARL's "good faith" provision, (Mtn. Dismiss at 10:1-12:16), which states, "If a business complies with the provisions of this article in good faith, it shall not be subject to civil remedies."  (Cal. Bus. & Prof. Code § 17604(b).)  Defendant's argument is improper to raise via the instant Motion.

"Generally, a court will not dismiss a complaint for failure to state a claim under Rule 12(b)(6) when a defendant merely pleads affirmative defenses. This is because a plaintiff does not need to anticipate and plead around all potential defenses." *Dominguez v. FS1 Los Angeles, LLC*, No. CV 15-09683-RSWL-AJWx, 2016 WL 2885861, at *2 (C.D. Cal. May 17, 2016) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)). "Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."  *Xechem*, 372 F.3d at 901, *quoted in Dominguez*, 2016 WL 2885861, at *2; *see also ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) ("Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint."); *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) ("[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense.") (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).  "Similarly, a motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that 'defense raises no disputed issues of fact.'"  *Dominguez*, 2016 WL 2885861, at *2 (quoting *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)); *see also ASARCO*, 765 F.3d at 1004.

Contrary to Defendant's assumption, Plaintiff has not plead himself out of court

via the allegations in the Complaint.

Cal. Bus. & Prof. Code § 17602(a)(3) provides:

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

(Cal. Bus. & Prof. Code § 17602(a)(3).)   Cal. Bus. & Prof. Code § 17602(b) provides:

"A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

(Cal. Bus. & Prof. Code § 17602(b).)

The Complaint alleges violations of Sections 17602(a)(3) and 17602(b) as follows, "Defendant failed to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members." (Compl. ¶ 33.)   This Court is required to take "all of the factual allegations in the complaint as true."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "All reasonable inferences from the facts alleged are drawn in plaintiff's favor in determining whether the complaint states a valid claim."   The Rutter Group, *Federal Civil Procedure Before Trial* ¶ 9:213, at 9-82 (2016).

Defendant ignores the foregoing material factual allegations, which this Court is required to assume as true.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("'Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations'") (citation omitted); The Rutter Group, *Federal Civil Procedure Before Trial* ¶ 9:215, at 9-83 (2016).   "[A] wellpleaded complaint may

proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im* plausible." *Id.* "The standard at th[e] [motion to dismiss] stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" *Iqbal*, 556 U.S. at 681.

Defendant's reference to Plaintiff's purported admissions in the Complaint, (Mtn Dismiss at 10:8-17), is misleading. For example, Defendant points out that paragraph 19 of the Complaint incorporates an email from Defendant to Plaintiff stating in part, "Your trial will convert to a paid subscription after 10 days, and will default to our standard subscription." (Compl. at 7:4-5; Mtn. Dismiss at 10:8-10.) Significantly, such statement falls far short of the disclosure requirement "[t]hat the subscription or purchasing agreement ***will continue until the consumer cancels***." (Cal. Bus. & Prof. § 17601(b)(1)) (emphasis added). Such disclosure is one of the several clear and conspicuous disclosures that comprise "automatic renewal offer terms" within the meaning of Section 17601(b) and Section 17602(a)(3).

Defendant also relies upon the existence of a link embedded in such email from Defendant to Plaintiff, which purportedly gave Plaintiff "control" of his account including the ability to cancel his account. (Mtn. Dismiss at 10:10-12.) Yet, paragraph 19 of the Complaint merely states in describing such link, "If you'd like to upgrade to a Plus subscription to get access to exercise files, assessments and more, visit your account." (Compl. at 7:5-6.) Paragraph 19 of the Complaint does not in any way admit that Defendant's email disclosed "information regarding how to cancel" the subscription "before the consumer pays for the goods or services," within the meaning of Section

17602(a)(3), or that Defendant's email described a "cost-effective, timely, and easy-to-use mechanism for cancellation," within the meaning of Section 17602(b).

As for Defendant's contention that Plaintiff admitted that "he was given a monthly reminder from [Defendant] that his subscription had renewed," and that such reminder email contained a link by which Plaintiff could "control" the status of his subscription at any time, (Mtn. Dismiss at 10:12-17), in actuality, paragraph 19 of the Complaint merely states, "You can ***check*** the status of your subscription at any time by logging into your account."  (Compl. at 8:11, 9:11) (emphasis added).  Needless to say, the ability to "check" the status of a subscription is not equivalent to the ability to "control" the status of a subscription.  Defendant's attempt to conflate the two words is misleading and improper.  Paragraph 19 of the Complaint does not in any way admit that Defendant's email disclosed "information regarding how to cancel" the subscription "before the consumer pays for the goods or services," within the meaning of Section 17602(a)(3), or that Defendant's email described a "cost-effective, timely, and easy-to-use mechanism for cancellation," within the meaning of Section 17602(b).

What's also clear from Defendant's "acknowledgment" emails referenced in the Complaint is that there is:  (1) no description of any "cancellation policy" that applies to the automatic renewal offer as required by Sections 17601(b)(2) and 17602(a)(3); (2) no disclosure of "[t]he recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement" as required by Sections 17601(b)(3) and 17602(a)(3); (4) no disclosure of "[t]he length of the automatic renewal term or that the service is continuous" as required by Sections 17601(b)(4) and 17602(a)(3); and (5) no disclosure of "[t]he minimum purchase obligation, if any," as required by Sections 17601(b)(5) and 17602(a)(3).

**C.      Plaintiff Has Sufficiently Plead that He Is a "Consumer" Within the Meaning of the ARL.**

Defendant's contention that Plaintiff does not qualify as a "consumer" within the meaning of Section 17601(d), (Mtn Dismiss at 12:17-13:19), is without merit.

- 14 -

### 1.   Defendant's Attempt to Construe a "Tangible" Limitation to the Term "Consumer" Is Wrong.

Defendant argues that Plaintiff cannot constitute a "consumer" within the meaning of 17601(d) because such statute contemplates an individual who seeks or acquires by purchase or lease any "tangible" goods, services, money, or credit.  (Mtn Dismiss at 12:26-13:7.)   Simply put, there is no support at all for Defendant's bald contention that only individuals who purchase "tangible" goods, services, money, or credit are contemplated as within the scope of the ARL.  There is nothing in the ARL's language or its statutory scheme drawing a distinction between "tangible" and "intangible" property.

### 2.   Plaintiff Has Alleged that He Purchased Defendant's Product for Personal, Household, or Household Purposes.

The Complaint expressly alleges that Plaintiff purchased Defendant's product for personal, family or household purposes.  (Compl. ¶ 33.)   The Court is required to assume this allegation is true.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.  The mere fact that Defendant's clientele "generally" consists of "businesses, academic institutions, and professional developers and/or IT administrators," (Mtn Dismiss at 13:14-15), and that Defendant's courses are "primarily" offered for intermediate to advanced vocational and business purposes, *id.* at 13:11-13, does not make it implausible that Plaintiff purchased Defendant's service product for personal, family or household purposes.  As noted above, a Rule 12(b)(6) motion to dismiss should not be based upon the fact that "actual proof of those facts is improbable."  *Twombly*, 550 U.S. at 556.

### D.   Plaintiff Has Alleged that He Is a California Consumer.

Section 17602(a) provides, "It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer ***in this state***" to do any of the acts or omissions specified in subdivisions (1)-(3). (Cal. Bus. & Prof. Code § 17602(a)) (emphasis added).  Despite the fact that Defendant acknowledges that the

1  Complaint expressly alleges that "Plaintiff purchased a subscription plan from

2  Defendant in California," (Compl. ¶ 7), Defendant contends that the Complaint is

3  "vague and ambiguous as to whether plaintiff is a California Citizen and/or a California

4  consumer." (Mtn. Dismiss at 20:8-17.)   Simply put, Defendant's position is wrong.

5  Regardless of whether Plaintiff is a California domiciliary or resident, the Complaint

6  alleges that Plaintiff made his purchase while "in California." That surely suffices. It

7  speaks volumes that Defendant offers no case authority in support of its position that

8  Plaintiff's allegation is insufficient to satisfy the requirement that Defendant made an

9  automatic renewal offer to Plaintiff "in this state."

10    **E.     Plaintiff Has Statutory Standing For His UCL Claim.**

11      Section 17200 of the California Business and Professions Code defines "unfair

12  competition" to include, among other things, "any unlawful [or] unfair . . . act

13  or practice." Defendant contends that Plaintiff lacks statutory standing to sue under the

14  UCL. (Mtn. Dismiss at 13:20-15:23.) Not so.

15        **1.     Defendant Ignores the Guidance of *Kissel v. Code42 Software,***

16            ***Inc.* that Actual Reliance Is Not Required as to Causation**

17            **Allegations that Do Not Sound in Fraud.**

18      In support of Defendant's statutory standing argument, Defendant argues that

19  Plaintiff must make a showing of "actual reliance." *Id.* at 14:12-15. Defendant's

20  position is wrong.

21      Once again, Defendant's Motion fails to address *Kissel v. Code42 Software, Inc.*,

22  Case No. 8:15-cv-01936-JLS-KES, slip op. [ECF #25] (C.D. Cal. Apr. 14, 2016) (RJN

23  #1), which is directly on point. In *Kissel*, *supra*, the district court encountered the same

24  statutory standing argument at issue here as to a plaintiff's UCL claim premised upon

25  violations of the ARL. Like here, the complaint in that case invoked only the

26

27

28

1   "unlawful" and "unfair" prongs only (*i.e.*, not the "fraudulent" prong).[4]   *Kissel*, slip op.

2   at 3.  Significantly, the district court held that the plaintiff's claims alleging violations of

3   the ARL "do not sound in fraud" and so the court "decline[d] to require reliance as to

4   [the plaintiff's] allegations of causation."   *Kissel*, slip op. at 16.  In support, the district

5   court held as follows:

6   "[T]he California Supreme Court has consistently indicated that this concept of
   reliance may not apply to UCL claims that do *not* sound in fraud. *See In re*
7   *Tobacco II Cases*, 46 Cal. 4th 298, 325 n.17 (2009) ("We emphasize that our
   discussion of causation in this case is limited to such cases where, as here, a UCL
8   action is based on a fraud theory . . . There are doubtless many types of unfair
   business practices in which the concept of reliance, as discussed here, has no
9   application."); *Kwikset*, 51 Cal. 4th at 326 n.9 (applying the reliance requirement
   to the plaintiff's UCL claims, which sounded in fraud and deception, but noting
10   that the court "need express no views concerning the proper construction of the
   cause requirement in other types of cases."). **Following *Tobacco II Cases* and**
11   ***Kwikset*, courts have used a relaxed causation standard where a UCL claim**
   **does not sound in fraud.** *See Svenson v. Google Inc*., No. 13-CV-04080-BLF,
12   2015 WL 1503429, at *10 (N.D. Cal. Apr. 1, 2015) (declining to require reliance
   for a UCL claim that does not sound in fraud); *Backus v. General Mills, Inc*., 122
13   F. Supp. 3d 909, 925-26 (N.D. Cal. 2015) (same).[5]   **Given that [the plaintiff's]**
   **claims do not sound in fraud, we similarly decline to require reliance as to**
14   **[the plaintiff's] allegations of causation**."

15   (*Kissel*, slip op. at 16) (emphasis added).

16   ### 2.   Plaintiff's Claims Here Do Not Sound in Fraud.

17   Like the claims at issue in *Kissel*, the claims at issue here do not sound in fraud.[6]

18   Plaintiff has not alleged that Defendant has engaged in deceptive conduct, which has an

19

20

21   ---

   [4]   "Because the statute is framed in the disjunctive, a business practice need only meet
22   one of the three criteria to be considered unfair competition."   *Durell v. Sharp*
   *Healthcare*, 183 Cal. App. 4th 1350, 1359 (2010).
23   [5]   In *Backus v. General Mills, Inc*., 122 F. Supp. 3d 909 (N.D. Cal. 2015), the federal
   district court recently held that an economic injury by spending money on an illegal
24   product "is sufficient to meet the 'as a result' of standard under the UCL in this case."
   *Id.* at 925.  The *Backus* court also held: "Allegations that a consumer was actually
25   harmed by a business dealing with a defendant are therefore generally sufficient in
   cases not involving fraud or misrepresentation."   (*Id.*)  The *Backus* court held that the
26   plaintiff in that case had plausibly alleged both an "unlawful" UCL claim and an
   "unfair" UCL claim.  *Id.* at 925-30.
27   [6]   Although Defendant engages in a lengthy analysis of the "fraudulent" prong of the
   UCL, (Mtn Dismiss at 16:10-18:3), such strawman analysis is misleading because the
28   Complaint does not invoke the "fraudulent" prong of the UCL.  (*See* Compl. ¶¶ 37-39.)

intent or scienter component.  *See* Cal. Civ. Code § 1709 ("FRAUDULENT DECEIT. One who ***willfully*** deceives another with intent to induce them to alter his position to his injury or risk, is liable for any damage which he thereby suffers.") (emphasis added); Cal. Civ. Code § 1710(1) (stating that a "deceit" within the meaning of section 1709 is "[t]he suggestion, as a fact, of that which is not true, ***by one who does not believe it to be true***") (emphasis added).  Indeed, it is black letter law that knowledge of falsity or reckless disregard, *i.e.*, scienter, is a required element of fraud.  *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

Furthermore, the fact that UCL claims under the "unlawful" or "unfair" prongs do not require that the plaintiff show that the UCL defendant ***intended*** to injure anyone is telling.  *See Cortez v. Purolator Air Filtration Products Co*., 23 Cal. 4th 163, 181 (2000) ("Normally, however, the plaintiff need not show that a UCL defendant ***intended*** to injure anyone through its unfair or unlawful conduct. The UCL imposes strict liability when property or monetary losses are occasioned by conduct that constitutes an unfair business practice.") (emphasis added).

The Complaint does not allege that Defendant willfully violated the ARL or that Defendant had knowledge of the falsity of any statements or representations made to California consumers.  Thus, the Court should not impose an actual reliance UCL standing requirement here.

### 3. Defendant Ignores the Guidance of *Kissel v. Code42 Software, Inc.* that Allegations of Causation Are Sufficient Based on a Relaxed Standard.

Defendant's analysis also ignores that in *Kissel*, *supra*, the district court held that similar allegations of causation were sufficient to plead statutory UCL standing as follows:

"Upon reviewing the allegations in the operative complaint, we find that Kissel adequately alleges causation. She alleges that she purchased a subscription plan from Defendant during the Class Period but that Defendant failed to (a) present the automatic renewal offer terms in a clear and conspicuous manner, (b)

obtain affirmative consent before fulfilling the subscription, or (c) provide an acknowledgment as required by law. (FAC ¶¶ 7, 19-24.)  Kissel then alleges that Defendant charged and continues to charge Kissel without having first complied with the ARL. (*Id.* ¶¶ 42, 54.) Kissel alleges that, therefore, she suffered an economic injury as a result of Defendant's unlawful or unfair practices as to its automatic renewal or continual service agreements.  **These allegations of causation are sufficient to confer standing at the pleading stage.**  *See Backus*, 122 F. Supp. 3d at 925-26.

Accordingly, dismissal is not proper on this basis."

(*Kissel*, slip op. at 17) (emphasis added).  Like the operative complaint in *Kissel*, the Complaint here alleges that:  (1) Plaintiff purchased a subscription plan from Defendant during the Class Period, (Compl. ¶ 7); (2) Defendant failed to provide an acknowledgment as required by the ARL law, (Compl. ¶ 19); (3) as a result of Defendant's act and practices, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and class members in the form of payments made for subscription agreements by Plaintiff and class members, (Compl. ¶ 39).  In light of the "unconditional gift" provision in Section 17603 for ARL violations, Plaintiff has clearly sustained an economic injury and lost money as did the plaintiffs who sued in *Backus*, *Svenson,* and *Fields*, *infra*.  Thus, this Court can and should hold similarly here that Plaintiff's allegations of causation and economic injury suffice to satisfy the UCL's statutory standing requirements.

### 4.    Plaintiff Admits that a Plaintiff Can Bring a UCL Claim Premised on an ARL Violation Under the "Unlawful" Prong.

Defendant freely acknowledges that a "plaintiff can, presumably, bring a UCL claim premised on a violation of the ARL."  (Mtn. Dismiss at 19:22-23.)  Although Defendant argues that such claim cannot be maintained based on the particular allegations at issue here, *id.* at 19:23-20:7, such arguments have been rebutted above.

Moreover, case authority besides *Kissel* exists whereby federal district courts have allowed UCL claims alleging ARL violations to proceed under the "unlawful" prong. For example, in *Fields v. Wise Media, LLC*, No. C 12-05160 WHA, 2013 WL 3187414 (N.D. Cal. June 21, 2013), the federal district court denied a motion to dismiss after

holding that "Section 17602 could serve as a predicate for [the plaintiffs'] Section 17200 claim."[7] *Id.* at *5 ("Plaintiffs therefore plead sufficient facts to state a claim under the **_unlawful_** prong of Section 17200.") (emphasis added). Significantly, the federal district court that decided *In re Trilegiant Corporation,* 11 F. Supp. 3d 82 (D. Conn. 2014), expressly relied upon the *Fields* decision.  11 F. Supp. 3d at 125.

### 5.   A UCL Claim Can Be "Tethered" to an ARL Violation.

Defendant acknowledges that Plaintiff has tethered his UCL claim to the ARL violation alleged here.  (Mtn. Dismiss at 18:11-12.)  Although Defendant argues that such claim cannot be maintained based on the particular allegations at issue here, *id.* at 18:12-14, such arguments have been rebutted above.  Cf. *Backus v. General Mills, Inc*., 122 F. Supp. 3d 909, 925-30 (N.D. Cal. 2015) (holding that the plaintiff in that case had plausibly alleged both an "unlawful" UCL claim and an "unfair" UCL claim based on an economic injury incurred by spending money on an illegal product).

### 6.   Defendant Fails to Recognize that Plaintiff Did Not Invoke the "Fraudulent" Prong of the UCL.

Although Defendant engages in a lengthy analysis of the "fraudulent" prong of the UCL, (Mtn Dismiss at 16:10-18:3), such strawman analysis is irrelevant because the Complaint does not invoke the "fraudulent" prong of the UCL.  (*See* Compl. ¶¶ 37-39.)

### F.   If the Court Is Inclined to Grant This Motion, Leave to Amend Should Be Granted.

If the Court is inclined to grant the instant Motion due to a pleading deficiency, this Court can and should grant Plaintiff leave to amend to file a First Amended Complaint.

/ / /

---

[7] The *Fields* decision is also notable because it allowed the plaintiffs' conversion, negligence, unjust enrichment/restitution, and money had and received claims to withstand a motion to dismiss.  *Id.* at *7-*8.

Dated:  July 14, 2016                    NEWPORT TRIAL GROUP, APC


                                         By: */s/ Scott J. Ferrell*
                                         Scott. J. Ferrell
                                         Attorney for Plaintiff

OPPOSITION TO MOTION TO DISMISS

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on July 14, 2016, I electronically filed the foregoing

3  **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN**

4  **OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A**

5  **CLAIM UPON WHICH RELIEF CAN BE GRANTED** with the Clerk of the Court

6  using the CM/ECF system which will send notification of such filing via electronic

7  mail to all counsel of record.

8

9                    */s/ Scott J. Ferrell*

10                    Scott J. Ferrell

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28