1   HATTON, PETRIE & STACKLER APC
    Attorneys at Law
2   85 Argonaut, Suite 210
3   Aliso Viejo, CA 92656
    Telephone:  (949) 474-4222
4
    **ARTHUR R. PETRIE, II, CAL. BAR NO. 158654**
5   **JOHN A. McMAHON, CAL. BAR NO. 237261**
6
    Attorneys for Defendant
7   Pluralsight, LLC

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   _____

12   KYLE JOHNSON, individually and on behalf )   No. 2:16-cv-01148-MCE-CKD
13   of all others similarly situated,        )
                                               )   **DEFENDANT'S REPLY BRIEF IN**
                                               )   **SUPPORT OF MOTION TO**
14                          Plaintiff,         )   **DISMISS FOR FAILURE TO STATE**
                                               )   **A CLAIM UPON WHICH RELIEF**
15        vs.                                  )   **CAN BE GRANTED**
                                               )   **(FRCP 12(b)(6));**
16   PLURALSIGHT, LLC, a Nevada limited        )   **MEMORANDUM OF POINTS AND**
17   liability company; and DOES 1-10, inclusive, )   **AUTHORITIES IN SUPPORT**
                                               )   **THEREOF**
18                          Defendants.        )
                                               )   Assigned to Hon. Morrison C. England,
19                                             )   Jr., Courtroom 7, Fourteenth Floor
                                               )
20                                             )   Date:  July 28, 2016
21                                             )   Time:  2:00 PM
                                               )   Location:  Courtroom 7, Fourteenth
22                                             )   Floor
                                               )
23                                             )
                                               )
24                                             )
                                               )
25   _____ )

26

27

28

1        <u>REPLY MEMORANDUM OF POINTS AND AUTHORITIES</u>

2    **I.   INTRODUCTION AND SUMMARY OF ARGUMENT**

3        Johnson spends the bulk of his opposition arguing to this Court that California Business &

4    Professions Code section 17600[1], et seq., which is California's "Automatic Renewal Law" or

5    "ARL," allows for an independent and unique cause of action outside of California's "Unfair

6    Competition Law" ("UCL," Section 17200, et seq.), and/or California's "False Advertising Law"

7    ("FAL," Section 17500, et seq.).  In doing so, plaintiff relies heavily on an unpublished Civil

8    Minute Order from the US District Court for the Central District of California in *Kissel v. Code 42*

9    *Software, Inc.*, et al., Case No. SACV 15-1936-JLS (KESx), as well as a Memorandum from the

10   US District Court for Connecticut in *In re Trilegiant Corporation,* 11 F.Supp.3d 82 (D. Conn.

11   2014).  Respectfully, neither of these are binding precedent on this Court.  And to the extent either

12   case can be considered persuasive here, both cases should be rejected.

13       As is detailed in the moving papers and further explained below, there is no independent

14   cause of action under the ARL.  As such, the cause of action should be dismissed from the

15   complaint without leave to amend and with prejudice.

16       A violation of the ARL might be actionable under the UCL or the FAL.  Plaintiff, however,

17   has not pled a cause of action under the FAL.  While plaintiff has attempted a cause of action under

18   the UCL, plaintiff fails to allege that plaintiff suffered any injury in fact and/or loss of money or

19   property *because of* Pluralsight's statements (or alleged lack thereof) regarding the recurring

20   payments that come along with the paid monthly Pluralsight account he requested.[2]

21       Beyond the lack of standing, plaintiff's UCL claim is also subject to dismissal because

22   plaintiff cannot satisfy any of the three prongs under which a UCL action can be brought.  First,

23   plaintiff admits that he is not pursuing a UCL fraud theory.  Second, plaintiff has not satisfied the

24   requirements for a claim under the statute's unfairness prong where Pluralsight accurately disclosed

25   _____

26   [1] References herein are to California statutes unless otherwise stated.  If no Code Section is stated, the reference is to the Business & Professions Code.

27   [2] Failure to plead such damages would also doom any cause of action under the FAL, had plaintiff

28   pled one, and the ARL if there was such a cause of action.

1    the recurring charges before, during and after the transactions.  Finally, plaintiff cannot state a

2    claim under the unlawfulness prong because:

3          1)  Defendant's efforts to disclose the recurring nature of the charges at issue---and

4              plaintiff's evident understanding that he was being charged each month for his

5              subscription that he continued to presumably enjoy---prevents liability under the ARL's

6              "good faith" provision.  (See Section 17604(b).)

7          2)  The scope of the "auto-renewal" statute is limited to "consumers", which refers to

8              "individuals" "purchasing or leasing" for "personal, family, or household purposes"

9              "goods, services, money, or credit." The transaction described in the complaint does not

10              fit this description of a "consumer."

11       Finally, plaintiff claims to bring his lawsuit on behalf of "all persons in California" who

12    purchased Pluralsight subscriptions.  Several recent Court decisions have made clear that 17200, et

13    seq., and 17600, et seq., only apply to California consumers.  The complaint is vague and

14    ambiguous as to whether plaintiff is a California Citizen and/or California consumer.

15    **II. ARGUMENT**

16       **a.  Plaintiff's First Cause of Action Under the ARL Should Be Dismissed**

17              *1.  The ARL Does Not Create A Private Right of Action*

18       No right of action exists under a California statute unless the California Legislature has

19    manifested an intent to create one, as revealed through the statutory language and legislative

20    history. (*Lu v. Hawaiian Gardens Casino, Inc.,* 50 Cal. 4th 592, 596 (2010) [citations omitted].)

21    "[T]he statutory language or legislative history [must] affirmatively indicate[] such an intent"

22    either expressly or by strong implication.  (*Thurman v. Bayshore TransitMgmt., Inc.,* 203 Cal. App.

23    4th 1112, 1131-32 (2012) [citations omitted].)  Courts examine the statute's language first, "as it is

24    the best indicator of whether a private right to sue exists." (*Lu,* 50 Cal. 4th at 603.)  "[C]lear,

25    understandable, unmistakable terms" in a statute "strongly and directly indicate" legislative intent

26    to confer a private right of action.  (*Id.* at 597 [citations omitted].)  If the statute does not contain

27    such express language, but contains "provisions [that] create some ambiguity," then the Court may

28

1  look to the statute's legislative history "for greater insight."  (*Id.* at 598.)  As set forth in the moving

2  papers, both inquiries point to the same conclusion.

3      The language of the ARL shows no intent to create a unique right of action.  Section 17602

4  is the operative provision of the statute.  It states that "[i]t shall be unlawful for any business" to

5  engage in certain practices related to automatic renewal programs.  (Section 17602.)  While that

6  section goes on to describe the practices that are "unlawful," nothing in its text suggests that a

7  private party has a right under the statute itself to bring a claim to recover for those unlawful

8  practices.  (*Id.*)  Instead, the Legislature confined its discussion of remedies to Section 17604,

9  which says only that "all available civil remedies that apply to a violation of this article may be

10  employed."  (*Id.* at § 17604.)  This is a reference to existing civil remedies (i.e., the UCL and/or the

11  FAL), rather than a provision designed to create a brand new private right of action.  It means that

12  a plaintiff injured by a violation of the statute may invoke an existing remedial statute, such as the

13  UCL or FAL, to enforce a violation of the ARL.  (See *Fields v. Wise Media, LLC,* No. C 12-05160

14  WHA, 2013 U.S. Dist. LEXIS 87671, at *13-15 (N.D. Cal. June 21, 2013).)

15      *2.  Whether the ARL is A Remedial Statute Is Not Relevant to Whether it*

16          *Provides an Independent Cause of Action*

17      Plaintiff first cites to *Leader v. Cords*, 182 Cal. App. 4th 1588, 1598 (2010).  Respectfully,

18  the case has little importance here.  It merely explains that remedial statutes are to be liberally

19  construed.  The case does not mention the ARL.  Rather, it interprets a wholly inapplicable section

20  of the California Probate Code.  Moreover, the case has no bearing on the general law with respect

21  to whether a California statute is intended to allow for a wholly separate and independent cause of

22  action on its own.  As such, plaintiff's citation to the case should be disregarded.

23      *3.  Kissel v. Code 42 Software, Inc., et al., Got the Issue Wrong*

24      *Kissel v. Code 42 Software, Inc.*, et al. Case No. SACV 15-1936-JLS (KESx) ["*Kissel*"] is

25  an unpublished minute order from the Central (not Eastern) District of California.  Accordingly, it

26  is not binding on this Court.  (See, e.g., Schwarzer, Tashima & Wagstaffe, RUTTER GROUP

27  PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2016), (1:15-1:16 p.

28  1-4:1-5).)

- 3 -

1    Respectfully, this Court should decline to follow *Kissel* as it got the issue of whether the

2  ARL creates an *independent* cause of action wrong.  *Kissel* notes that:

3          "The ARL provides: 'Notwithstanding Section 17534, a violation of this
        article shall not be a crime. However, all available civil remedies that apply to a
4        violation of this article may be employed.' Cal. Bus. & Prof. Code § 17604(a)
        (emphasis added). In relevant part, California Business and Professions Code §
5        17535 provides:

6          'Any person, corporation . . . or any other association or organization which
        violates or proposes to violate this chapter may be enjoined by any court of
7        competent jurisdiction. The court may make such orders or judgments, including the
        appointment of a receiver, as may be necessary to prevent the use or employment by
8        any person, corporation . . . or any other association or organization of any practices
        which violate this chapter, or which may be necessary to restore to any person in
9        interest any money or property, real or personal, which may have been acquired by
        means of any practice in this chapter declared to be unlawful.'"
10

11  (*Kissel*, supra, at p. 11-12.)

12    *Kissel* then goes on to discuss the machinations of Section 17535 (i.e., the "FAL").  *Kissel*

13  notes that the legislature excepted Section 17534 from the operation of the ARL, but did not except

14  Section 17535.  Accordingly, the *Kissel* Court concluded that the there is a *private* right to

15  enforcement of the ARL.  (*Kissel*, supra, at p. 12-13.)

16    As this juncture, however, the *Kissel* Court missed a crucial distinction.  Whether there is

17  an *independent cause of action under the ARL* is a different question from whether there is a

18  *private right to enforce the ARL*.  The *Kissel* Court found that since there was a *private right to*

19  *enforcement*, there must also be an *independent right to enforcement*.  This is simply not the case.

20    The *Kissel* Court's own analysis points to a different conclusion.  As detailed by the *Kissel*

21  Court, what is clear from the ARL is the Legislature envisioned that it would be enforced through a

22  cause of action under the FAL (i.e., Section 17535), or other "available civil remedies" (i.e., the

23  UCL, Section 17200, et seq.) and ***not through an independent cause of action for "breach of the***

24  ***ARL."***

25    Plaintiff next argues that "Section 17603 … provides consumers with a civil remedy that

26  consumers can directly pursue themselves against sellers."  Section 17603 sets forth that "[i]n any

27  case in which a business sends any goods, wares, merchandise, or products to a consumer," in

28

1    violation of the ARL, then the consumer may use or dispose of the same in any manner he or she

2    sees fit "without any obligation whatsoever" to pay for the goods, wares, merchandise or products.

3           First and foremost, there are no "goods, wares, merchandise, or products" at issue here.

4    The complaint admits that Pluralsight provides access to on-line computer technology training.

5    Plaintiff tries to avoid this by suggesting, without citation to anything, that this was an error by the

6    Legislature and that the Court should read the term "services" as used in Section 17601(d), into

7    Section 17603.  Of course, the argument ignores plaintiff's own reliance on rules of statutory

8    interpretation.  As there is no ambiguity in the language, the plain meaning of the statutes governs,

9    and the Court must presume the Legislature meant to omit "services" from Section 17603 while

10   including it in 17601.  (*Hunt v. Superior Court*, 21 Cal.4th 984, 1000 (1999).)

11          Second, Section 17603 is not a liability provision at all, and certainly does not give

12   consumers a right to bring unique civil claims against businesses.  Instead, the provision merely

13   restricts the remedies available to a seller seeking payment or other compensation for goods

14   already delivered.  Section 17603 bars a seller from bringing a claim against a consumer to obtain

15   payment for goods that were sent under an automatic-renewal agreement that did not satisfy the

16   statute.  The provision deems such goods "an unconditional gift" and thus prevents the seller from

17   demanding their return or payment for them.  But it does not authorize a unique, affirmative claim

18   by purchasers of such goods.  Thus, Section 17603 affords consumers a shield against liability, not

19   a sword they can wield to impose it.

20          As is relevant here, the Legislature confined its discussion of remedies to Section 17604,

21   which says that "all available civil remedies that apply to a violation of this article may be

22   employed."  This is plainly a reference to existing civil remedies, rather than a provision designed

23   to create a brand new and independent right of action.  It means simply that a plaintiff injured by a

24   violation of the statute may invoke an existing remedial statute, such as the UCL or FAL, to

25   enforce a violation of the ARL.  (See *Fields v. Wise Media, LLC*, No. C 12-05160 WHA, 2013

26   U.S. Dist. LEXIS 87671, at *13-15 (N.D. Cal. June 21, 2013).)

27          Finally, plaintiff suggests the Court should ignore the relevant legislative history because it

28   is trumped by "the plain language of the statute."  As established, consideration of the legislative

1  history is appropriate.  Plaintiff next avers that the legislative history suggests that the ARL was

2  enacted to provide a new cause of action because the Legislature felt the UCL/FAL were not

3  adequate.  Nothing is further from the truth. The legislative history of the ARL confirms that the

4  Legislature did not intend to create a new, independent civil cause of action.  The Senate Judiciary

5  Committee Bill Analysis discusses the "[r]emedies available under the bill," highlighting the

6  statutory language stating that "all applicable civil remedies would be available." (Senate Judiciary

7  Committee, Bill Analysis of Sen. Bill No. 340 (2009-2010 Reg. Sess.) as amended Apr. 2, 2009,

8  for hearing on Apr. 14, 2009, at 6 [Exhibit C to RFJN].)  The committee went on to discuss the

9  various civil remedies available---those under the FAL and those under the UCL.  (*Id*. at 7.) The

10  Legislature thus understood and intended that in enacting the ARL it was not bringing into

11  existence a new right of action, but instead that violations of the statute could be enforced through

12  existing laws such as the UCL and FAL.

13         *4.   In re Trilegiant Corporation, 11 F. Supp. 3d 82 (D. Conn. 2014) is*

14              *Inapposite*

15      *In re Trilegiant Corporation,* 11 F. Supp. 3d 82 (D. Conn. 2014, *"Trilegiant"*), is not

16  binding precedent in this Court.  Moreover, it is not citable to this Court for the proposition it is

17  being cited for.  In *Trilegiant* a Court in Connecticut considered whether a claim premised on the

18  ARL should be dismissed because "(1) the Plaintiffs do not allege any facts as to how the

19  Defendants violated the [ARL]; (2) the statute only applies to offers made to consumers in

20  California; and (3) the claims of the Plaintiffs who do reside in California are not timely..." (*Id*., at

21  p. 125.)  The *Trilegiant* Court ultimately determined that the ARL only extends to "customers who

22  are harmed in California. … Therefore, the claims arising under the [ARL] from the Plaintiffs who

23  were harmed outside of California are DISMISSED." (*Id*., at 126.)

24         While this may support Pluralsight's arguments regarding plaintiff's failure to adequately

25  allege where he resides and/or where the alleged violation of the ARL took place, it does not affect

26  the issue of whether there is an independent cause of action under the ARL.  This is because there

27  is zero precedent (persuasive or otherwise) extended to a prior decision where the issues in the later

28  matter were not presented to or considered by the Court in the prior action.  (See *United States v.*

1    *Vroman*, 975 F.2d 669, 672 (9th Cir. 1992); *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*,

2    654 F.3d 989, 997 (9th Cir. 2011); *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 843, fn. 12

3    (9th Cir. 2009).)

4              *5.   Even if There Were an Independent Cause of Action Under the ARL it*

5                   *Would Fail for Other Reasons*

6         As stated in the moving papers, even if there was an independent cause of action under the

7    ARL, there are other reasons such a claim would fail.  These reasons are further discussed below

8    with respect to analysis of the UCL cause of action.

9         **b.  Plaintiff Lacks Standing to Sue Under the UCL (or the FAL)**

10        Although the ARL does not create a unique right of action, it appears injured parties may

11   seek to enforce the ARL through the UCL and/or the FAL.  In order to do so, however, plaintiffs

12   must satisfy the ordinary requirements for bringing UCL and/or FAL claims, including standing.

13   Plaintiff fails to do so.

14        The UCL was amended in 2004 to "'prohibit private attorneys from filing lawsuits for

15   unfair competition where they have no client who has been injured in fact[.]'"  (*Californians for*

16   *Disability Rights v. Mervyn's, LLC,* 39 Cal. 4th 223, 228 (2006) [quoting Prop. 64, § 1, subd. (e)

17   (2004)]; *see also, e.g., Law Offices of Mathew Higbee v. Expungement Assistance Servs.,* 214 Cal.

18   App. 4th 544, 547 (2013) [UCL has been "crafted to preclude the shakedown lawsuit."].)  To that

19   end, a private claim under the UCL may be brought only by "a person who has suffered injury in

20   fact and has lost money or property as a result of the unfair competition."  (Section 17204.)  This

21   restricts UCL claims to plaintiffs who can *both* satisfy the injury-in-fact requirement borrowed

22   from Article III of the U.S. Constitution *and* demonstrate that they suffered an economic injury

23   because of the defendant's allegedly wrongful conduct.  (*Kwikset Corp. v. Superior Court,* 51 Cal.

24   4th 310, 322-23 (2011).)  To make that showing, the plaintiff must allege a causal connection

25   between the loss of money or property and the defendant's alleged wrongdoing.  (*Id.* at 326

26   [citations omitted].)  In cases like this one, alleging a form of misrepresentation to, or misleading

27

28

1    of, consumers, the UCL's causation requirement can be met only by a showing of "actual reliance"

2    by the plaintiff on the defendant's alleged misrepresentation. (*Id.* at 326-27 [citations omitted].)[34]

3            The complaint comes nowhere near to satisfying these requirements.  Instead, the

4    complaint alleges only that plaintiff subscribed to Pluralsight and that defendant:

5        "… has failed, and continues to fail, to provide an acknowledgement that includes
         the automatic renewal or continuous service offer terms, cancellation policy, and
6        information on how to cancel in a manner that is capable of being retained by
         Plaintiff and Class Members in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3)
7        and 17602(b). Moreover, Defendant failed to provide Plaintiff and Class Members
         with an acknowledgement regarding how to cancel the subscription and allow
8        Plaintiff and Class Members to cancel before payment."

9    [Complaint p. 5:11-17.]

10           Plaintiff does not, for example, allege (1) that he was not aware at the time he subscribed

11   that his free subscription would turn into a standard subscription and renew automatically unless he

12   cancelled it; (2) that he would not have subscribed or would not have maintained his subscription

13   had Pluralsight provided more conspicuous notice; (3) that he was billed for a service he did not

14   want or did not use; or (4) that he ever attempted to cancel the subscription or asked Pluralsight for

15   a refund.  In short, Plaintiff does not allege that Pluralsight's allegedly inadequate disclosure of its

16   renewal policies caused him any harm, nor that he would have done anything differently regarding

17   his subscription had Pluralsight's disclosure been different.  As such, he has not properly alleged

18   any injury in fact or economic injury caused by Pluralsight.  (*Kwikset,* 51 Cal. 4th at 326-27.)

19           Plaintiff suggests there is some new "relaxed" standard that essentially abrogates the

20   requirement to plead that plaintiff has:  1) suffered injury in fact; and 2) has lost money or

21   property.  Plaintiffs also argues that this applies to any allegation of whether defendant caused any

22   such injury or loss.

23

24   ───────────────

25   [3] These considerations would also apply to any future attempt by plaintiff to make a claim under
     the FAL premised on the alleged ARL violation.  (See, e.g., Bus. & Prof. Code § 17535; see
     *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 215; Vol.
26   No. 2, California Forms of Pleading and Practice section 14.8 ["Action for Statutory False
     Advertising and Unfair Competition."].)

27
     [4] Even under *Kissel*, a stand-alone cause of action under the ARL would require pleading of such
28   standing.  (See *Kissel*, supra, at p. 15-17.)

1    This is simply not the case.  *Kwikset*, supra, is controlling.  There, the California Supreme

2    Court held that in order for a consumer to have standing against a lock maker that mislabeled

3    products as "Made in USA," the consumer needed to allege the following to have standing:  that

4    the consumer relied on the representation and that the consumer would not have bought the product

5    but for the representation.[5]  The Supreme Court explained some of the ways "economic injury"

6    could be shown:  "A plaintiff may (1) surrender in a transaction more, or acquire in a transaction

7    less, than he or she otherwise would have; (2) have a present or future property interest diminished;

8    (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required

9    to enter into a transaction, costing money or property, that would otherwise have been

10   unnecessary."  (*Id*., at 51 Cal.4th at 323.)

11   There are myriad examples that could be stated here, but suffice to say there must be **<u>some</u>**

12   allegation of an injury in fact and lost money or property caused by the defendant.[6]  Plaintiff hasn't

13   met this burden.

14       **c.   Even if Plaintiff Had Suffered an Injury, Plaintiff's Claims Under the UCL**

15            **Still Fail to State a Cause of Action**

16            *1.   Plaintiff Admits He Does Not State A Claim Under The Fraud Prong*

17   See Opposition, p. 16-17, 20.

18            *2.   Plaintiff Cannot State A Claim Under The Unfair Prong*

19   As detailed in the moving papers, the ARL has a "good-faith" provision. (See Section

20   17604.)  Defendant's moving papers cite to matter pled in the complaint, as well as matter the

21   Court can consider as referenced in the complaint but not attached thereto, so long as the

22   authenticity of the referenced matter is not questioned.  (See *Lee v. City of Los Angeles*, 250 F.3d

23   668, 688 (9th Cir.2001).)  Defendant has asked that the Court consider these items and determine

24

25   [5] Also see *Hale v. Sharp Heathcare*, 183 Cal. App. 4th 1373, 1381-82 (2010) [holding that the

26   requirement to plead and prove reliance applies under all prongs of the UCL where the underlying conduct is a form of alleged misrepresentation].

27   [6] See, e.g., *Brownfield v. Bayer Corp.*, No. 2:09-cv-00444-JAM-GGH, 2009 WL 1953035, at *4 (E.D. Cal. July 6, 2009) [holding "conclusory" allegations do not confer UCL standing].

28

1   that Pluralsight has acted in good-faith toward Johnson.  Plaintiff objects to the Court considering

2   Pluralsight's sign-in pages and/or the terms of use of its services as not being implicated in the

3   complaint.  Respectfully, the complaint alleges Johnson signed up for Pluralsight's services, which

4   implicates both items [Exhibits A and B to RFJN].  Plaintiff does not challenge the authenticity of

5   these documents.  Accordingly, the Court can and should determine that, from the face of the

6   pleadings, including the documents attached thereto, and the additional matter submitted with the

7   RFJN, that plaintiff could never overcome the "good-faith" exception to the ARL.

8            *3.  Plaintiff Cannot State A Claim Under The Unlawful Prong*

9          As discussed, there are a number of factors precluding civil liability and dooming any claim

10   based on the UCL's unlawfulness prong *vis a vis* the ARL:

11      •   Pluralsight's compliance with the ARL's "good faith" provision.  (Section 17604(b).)

12      •   The scope of the "auto-renewal" statute is limited to "individuals" "purchasing or

13         leasing" for "personal, family, or household purposes" "goods, services, money, or

14         credit."  The transaction described in the complaint does not fit this description of a

15         "consumer."

16       **d.  Plaintiff Has Not Pled He Is a California Citizen or Consumer**

17         Sections 17200, et seq., and 17600, et seq., only apply to California consumers.  (See, e.g.,

18   *Warner v. Tinder, Inc.* 105 F.Supp.3d 1083, 1096-1097 (2015).)  The complaint is vague and

19   ambiguous as to whether plaintiff is a California Citizen and/or consumer.  If the Court grants

20   leave, the Court should require plaintiff to make a clearer allegation of standing in this regard.

21    **III.  CONCLUSION**

22         Pluralsight respectfully requests that the Court dismiss all of plaintiff's claims without leave

23   and with prejudice or, alternatively, under such terms as the Court sees fit.

24       **RESPECTFULLY SUBMITTED.**

25   Dated:  July 21, 2016             HATTON, PETRIE & STACKLER

26                 By:  _____/S/ John A. McMahon_____

27                      Arthur R. Petrie, II
                         John A. McMahon

28            Attorneys for Defendant
           PLURALSIGHT, LLC