UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLURALSIGHT, LLC; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:16-cv-01148-MCE-CKD<br><br>**ORDER** |

Plaintiff Kyle Johnson ("Plaintiff") filed this putative class action against Pluralsight, LLC, and Does 1-10 (collectively "Defendants" or "Pluralsight") alleging two claims for relief: (1) violation of California's Automatic Purchase Renewals Statute ("CAPRS"), codified at California Business and Professions Code §§ 17600–17606[1]; and (2) violation of California's Unfair Competition Law ("UCL"), §§ 17200–17204.[2]

///
///

---

[1] All further statutory references shall be to the Business and Professions Code, unless otherwise noted.

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

Presently before the Court is Defendants' Motion to Dismiss ("Motion") each claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] Defs.' Mot., ECF No. 5. Defendants seek dismissal of the lawsuit on the grounds that CAPRS does not create a private right of action under which Plaintiff can state any cognizable claim. Defendants further contend that Plaintiff lacks standing under the UCL in any event because he does not sufficiently plead an "injury in fact" resulting from Defendants' actions. For the reasons set forth below, the Court agrees, and Defendants' Motion is thus GRANTED.[4]

## BACKGROUND

Defendants sell access to online training videos designed to facilitate learning for IT professionals and software developers. Defs.' Mem. at 1, ECF No. 5. Their videos are offered via a monthly or annual fee-based subscription to the website www.pluralsight.com, where subscribers stream the videos. Pl.'s Compl. ¶ 18, ECF No. 1. Defendants offer a 10-day "free trial" period in which a potential purchaser may access up to 1,000 minutes of the online videos without being charged a fee. ECF No. 5-1, Ex. A. Unless cancelled within the 10-day trial period, Defendants convert the free trial into a paid subscription, and automatically renew the subscription at the end of each subscription period (the "Automatic Renewal Program"). ECF No. 5-1, Ex. B.

On December 1, 2010, CAPRS came into effect for businesses offering automatic renewals or continuous service offers to consumers in California. See Cal. Bus. & Prof. Code § 17602. The stated intent of CAPRS is to "end the practice of ongoing charging

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[4] Defendants also request that the Court take judicial notice of various documents in support of the instant motion. Plaintiff opposes the request. After reviewing the parties' arguments, the Court GRANTS Defendants' Request for Judicial Notice (ECF No. 5, attach. 1) as to the existence of those documents, but does not take judicial notice of the truth of their contents. Plaintiff also requests that the Court take judicial notice of an unpublished court opinion. Pl.'s Opp'n to Defs.' Mot., ECF No. 6, attach. 1-2. Defendants failed to oppose that request, which is therefore GRANTED.

of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof. Code § 17600.

Plaintiff claims he purchased a Pluralsight subscription in California. Pl.'s Compl. ¶ 7. He further alleges that, after subscribing, Defendants emailed him an acknowledgement of the purchase. Id. at ¶ 19. Plaintiff claims, however, that Defendants did not provide the Automatic Renewal Program's offer terms, cancellation policy, or information on how to unsubscribe before additional payments were collected. Id. According to Plaintiff, Defendants' actions violated CAPRS because they failed to provide statutorily required information prior to enrollment into the Automatic Renewal Program. Id. Plaintiff thus reasons that pursuant to CAPRS § 17603, all goods, wares, merchandise, or products sent to Plaintiff and Class Members under an Automatic Renewal Program are unconditional gifts. Id. at ¶ 2. As gifts, Plaintiff asks the Court to conclude that the money Defendants received in the form of subscription payments was unlawfully obtained, and caused both Plaintiff and Class Members injury. Id. at ¶ 39.

Plaintiff filed his Complaint on May 27, 2016 seeking to represent a class of all California consumers who purchased subscriptions for any products from Defendants. Id. at ¶ 1. Defendants filed the instant Motion on June 22, 2016. ECF No. 5.

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A

complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Eminence Capital, 316 F.3d at 1052 (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Defendants' Motion rests on two primary contentions. First, they claim that CAPRS does not authorize claims to be filed under its provisions, and instead is subject to enforcement only by filing suit under existing mechanisms, such as the UCL.[5] Defs.' Mem. at 2, ECF No. 5. Second, according to Defendants, Plaintiff lacks standing under the UCL, because he failed to plead an actual injury that is attributable to Defendants' alleged wrongdoing. Defs.' Mot. at 3, ECF No. 5.[6]

///
///

---

[5] Defendants alternatively argue that if CAPRS does permit a private right of action, that their Motion should still be granted because they satisfied the "good faith" provision of § 17604(b). Defs.' Mem. at 2-3, ECF No. 5. Given the Court's ultimate holding, it is unnecessary to make a determination on this contention here.

[6] The Court recognizes that Defendants additionally argue that (1) Plaintiff's described transaction in the Complaint does not fit the description of a "consumer," as contemplated in CAPRS (Defs.' Mem. at 3, ECF No. 5), and (2) Plaintiff did not sufficiently plead that he is a California consumer. Id. at 3-4. Because the Court concludes that there is no private cause of action under CAPRS in any event, it need not specifically address those arguments. Nonetheless, taking all material facts within the Complaint as true, the Court does not find either argument persuasive.

      **A.**    **A Private Right Of Action Under CAPRS**

A private right of action does not exist under a California statute unless the state Legislature has manifested its intent to create one. Lu v. Hawaiian Gardens Casino, Inc., 50 Cal. 4th 592, 596 (2010). "Such legislative intent, if any, is revealed through the language of the statute and its legislative history." Id. A statute may provide clear, unmistakable language which strongly indicates Legislative intent to create a private right of action. Lu, 50 Cal. 4th at 597. "If, however, a statute does not contain such obvious language, resort to its legislative history is next in order." Id. (internal citations omitted).

      **1.**    **CAPRS' Provisions Do Not Reveal Legislative Intent to Create a Private Cause of Action.**

The Court finds no provision in CAPRS explicitly authorizing a private right of action. The sole reference to remedies is contained within § 17604(a), which states that "[n]otwithstanding Section 17534, a violation of this article shall not be a crime. However, all available civil remedies that apply to a violation of this article may be employed." Plaintiff asserts that the words "all available" expressly recognize a private right of action. Pl.'s Opp'n to Defs.' Mot. at 3-5, ECF No. 6. To support this position, Plaintiff cites Jordan Kissel v. Code 42 Software, Inc. et al., Case No. SACV 15-1936-JLS (KESx) (C.D. Cal. Apr. 14, 2016), an unpublished decision from the Central District of California. Kissel states:

> The California Legislature intentionally placed [CAPRS] within the same chapter as [Cal. Bus. & Prof. Code] § 17535 . . . . Accordingly, pursuant to § 17535, injunctive relief and restitution are civil remedies that apply to a violation of [CAPRS] . . . . § 17535 – a provision through which the civil remedies of injunctive relief and restitution may be applied to a violation of [CAPRS] – expressly allows private plaintiffs to prosecute such actions.

Id. at *4 (internal citations omitted). Kissel determined that CAPRS "clearly reflects a legislative intent to create a private right of action," because § 17535 authorizes private suits for violations of the chapter and CAPRS was placed within the same chapter. Id.

6

1     The Kissel court's reliance on In re Trilegiant Corp., 11 F. Supp. 3d 82 (D. Conn.
2  2014) to reach its conclusion is misplaced.  Trilegiant considered whether the provisions
3  of CAPRS could be utilized by out-of-state consumers against California businesses and
4  did not directly analyze whether a private right of action existed under the statute.  Id. at
5  124-26.  Thus, while Trilegiant stated "the Automatic Renewal Statute only provides a
6  private cause of action for customers who are harmed in California," it did so only in dicta
7  under circumstances not analogous to those confronted here.  Trilegiant, 11 F. Supp. 3d
8  at 126.
9     Conversely, Defendants argue that the inclusion of the words "all available" within
10 § 17604(a) is a plain reference to existing civil remedies, such as the UCL or California's
11 False Advertising Law ("FAL"), §§ 17500–17509.[7]  Defs.' Mem. at 7, ECF No. 5.  The
12 Court finds this argument more persuasive.  No provision within CAPRS either explicitly
13 or implicitly supports any legislative intent to create a private cause of action.
14 Additionally, the language of § 17535, as relied upon in Kissel, states:

> Any person, corporation, firm, partnership, joint stock company, or any other association or organization which violates or proposes to violate this chapter may be enjoined by any court of competent jurisdiction. The court may make such orders or judgments . . . which may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful.
>
> Actions for injunction under this section may be prosecuted by . . . any person who has suffered injury in fact and has lost money or property as a result of a violation of this chapter.

22 Cal. Bus. & Prof. Code § 17535 (emphasis added).  While § 17535 explicitly authorizes a
23 private right of action by "any person" for violations of the chapter, the phrase "under this
24 section" reveals the Legislature's clear intent that such a cause of action be pursued
25 under § 17535 itself.  As Defendants contend, the Kissel court missed a crucial
26 distinction between the existence of a private right to enforce CAPRS (such as under the

---

[7] Plaintiff does not plead a cause of action under the FAL.

7

UCL, FAL, and/or § 17535), and the existence of an independent cause of action under CAPRS itself.

Having found no clear intent within the language of CAPRS which creates a private cause of action, the Court turns to the statute's legislative history to determine whether it sheds any additional light on the issue. Lu, 50 Cal. 4th at 597.

### 2. CAPRS' Legislative History Does Not Reveal Legislative Intent to Create a Private Cause of Action.

The Senate Judiciary Committee Report ("the Committee Report") pertaining to Senate Bill No. 340,[8] later codified in §§ 17600–17606, specifically addressed remedies under the bill. The Committee Report provides:

> Senate Bill 340 would provide that a violation of its provisions would not be a crime, but all applicable civil remedies would be available.
>
> Under the FAA [False Advertising Act], any person who violates any provision of the FAA is liable for a civil penalty not to exceed $2,500 for each violation that must be assessed and recovered in a civil action by the Attorney General or by any district attorney, county counsel, or city attorney. Under the UCL, a private party may bring a civil action for injunctive relief and/or for restitution of profits that the defendant unfairly obtained from that party. However, the party must have suffered an injury in fact and lost money or property.

ECF No. 5-1, Ex. C.

Defendants argue the Committee Report supports the finding that CAPRS was intended to be enforced under existing laws, such as the UCL. Defs.' Mem. at 8, ECF No. 5. The Court agrees. The Committee's specific discussion of existing enforcement mechanisms within the Legislative history, coupled with the words "all available" within

///
///
///

---

[8] Ex. C to Defs.' Mem., ECF No. 5-1.

§ 17604(a), strongly supports a Legislative intent to pursue causes of action for violations of CAPRS under existing laws.[9]

For the reasons stated above, the Court finds that CAPRS does not create a private right of action. The Legislature intended for aggrieved consumers to utilize existing laws to protect themselves from injuries related to automatic renewal or continuous service offers. Therefore, since Plaintiff cannot bring a cause of action directly under CAPRS, the First Cause of Action of Plaintiff's Complaint is DISMISSED with prejudice.[10]

### B.   Claims Under The UCL

The UCL prohibits "unfair competition," which is defined, in relevant part, to "include any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. An "unlawful" business practice under the UCL is a practice that violates any other law. Cel-Tech Commc'ns, Inc. v. L. A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). "Unfair" business practice claims must tether to a "legislatively declared policy" or by showing an "actual or threatened impact on competition." Id. at 166-87.

To maintain a claim under the UCL, Plaintiff must show that he "suffered injury in fact and has lost money or property as a result of unfair competition." Cal. Bus. & Prof. Code § 17204. Defendants contend that, as currently pled, Plaintiff has failed to allege the requisite injury with respect to the Automatic Renewal Program. Indeed, Plaintiff's

---

[9] Recent federal and state court decisions also support a finding that a private right of action does not exist under CAPRS. See Roz v. Nestle Waters N. Am., Inc., Case No. 2:16-cv-04418-SVW-JEM, 2017 U.S. Dist. LEXIS 5177, at *16 (C.D. Cal. Jan. 11, 2017) (finding that "CAPRS did not create a private right of action for private parties injured by violations of the law . . . [because] . . . the legislature expected consumers to protect themselves by bringing suit under existing laws . . . ."); Mayron v. Google, Inc., 2016 Cal. Super. LEXIS 173, *6 (Cal. Super. Ct. Feb. 26, 2016) (providing "the use of the language 'all available' indicates that no new private right of action has been created; rather, a party can rely on civil remedies that already exist."); and Siciliano v. Apple, Inc., 2016 Cal. Super. LEXIS 1099, *12-13 (Cal. Super. Ct. May 16, 2016) (concluding "the legislative history [of CAPRS] contemplated restitution by means of an existing civil remedy, a cause of action under the UCL.") (internal citations omitted).

[10] The Court notes Plaintiff's additional argument that CAPRS is a remedial statute and thus "must be liberally construed to effectuate its object and purpose, and to suppress the mischief at which it is directed." Leader v. Cords, 182 Cal. App. 4th 1588, 1598 (2010) (internal citations and quotations omitted). While the Court agrees that CAPRS is a remedial statute, there is no indication that the "object and purpose" of the Legislature's intent would be less effectuated by pursuing a cause of action under an existing enforcement mechanism, such as the UCL, as opposed to CAPRS itself.

Complaint does not claim that he was unaware that the free subscription would turn into a paid subscription or would renew automatically unless he cancelled it. He also does not claim that he did not want the Pluralsight subscription, or that he attempted to cancel his subscription and obtain a refund. Instead, Plaintiff's sole assertion regarding injury is that Defendants' purported CAPRS violations converted the Pluralsight subscriptions into "unconditional gifts," and as such, he suffered harm by being charged money for a gift. Pl.'s Compl. ¶ 2.

Plaintiff's standing under the UCL therefore turns on whether the "unconditional gift" provision of § 17603 applies to Plaintiff's Pluralsight subscriptions. Section 17603 provides as follows:

> In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business.

Comparing the language of § 17603 with § 17600 is revealing. The latter states that "[i]t is the intent of the Legislature to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product <u>or</u> ongoing deliveries of service." (Emphasis added). The Court finds it significant that the provisions of § 17600 distinguish between "shipments of a product" and "deliveries of service," whereas § 17603 omits the phrase "deliveries of service" entirely. This distinction supports a finding that § 17603 applies only to tangible products that are shipped to a consumer, and not to intangible services like the online video subscriptions at issue here. Indeed, the title of § 17603 itself bolsters a finding that it only applies to tangible goods.[11] See

---

[11] Section 17603 is titled "Goods, wares, merchandise, or products as unconditional gift."

10

also <u>Mayron</u>, 2016 Cal. Super. LEXIS 173, at *8 (finding because § 17600 distinguished between "products" and "services," the exclusion of "services" from § 17603 means that the "section only applies to tangible goods or products."). Section 17603 is thus inapplicable, and Plaintiff has not alleged an injury in fact sufficient to confer standing under the UCL. Defendants' Motion is GRANTED as to Plaintiff's second cause of action as well.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 5) is GRANTED and Plaintiff's First Cause of Action, brought directly under California's Automatic Purchase Renewals Statute, is DISMISSED with prejudice. Plaintiff's Second Cause of Action, brought under the California's Unfair Competition Law, is also DISMISSED, but with leave to amend. Not later than twenty (20) days following the date this Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is filed, the causes of action dismissed by virtue of this order will be deemed DISMISSED with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: February 16, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE