# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLURALSIGHT, LLC; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:16-cv-01148-MCE-CKD<br><br>**ORDER** |

On May 17, 2016, Plaintiff Kyle Johnson ("Plaintiff") filed this putative class action against Pluralsight, LLC ("Defendant" or "Pluralsight") alleging two claims for relief: (1) a violation of California's Automatic Purchase Renewals Statute ("CAPRS"), codified at California Business and Professions Code §§ 17600–17606[1]; and (2) a violation of California's Unfair Competition Law ("UCL"), §§ 17200–17204. According to Plaintiff, when he purchased a subscription for Defendant's online technology training and related products/services, he was not advised of the applicable automatic renewal and/or continuous service terms, and further was not advised of Defendant's cancellation policies. This Court's jurisdiction was predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332.

---

[1] All further statutory references shall be to the Business and Professions Code, unless otherwise noted.

1

Now before the Court are two motions.  First, Pluralsight has filed a Motion for Involuntary Dismissal for Failure to Prosecute (ECF No. 25) pursuant to Federal Rule of Civil Procedure 41(b).[2]  Defendant claims that Plaintiff's inaction in moving this case forward following its remand from the Ninth Circuit merits the drastic sanction of dismissal.  Second, because Plaintiff claims his inaction was due to a mistaken assumption that the Court would sua sponte issue a new Scheduling Order following remand, Plaintiff moves for an amended Scheduling Order under which adjudication of this case can proceed.  For the reasons set forth below, Pluralsight's Motion to Dismiss is DENIED, and Plaintiff's request for a new Scheduling Order will be GRANTED.[3]

**BACKGROUND**

Pluralsight sells access to online training videos designed to facilitate learning for IT professionals and software developers.  Its videos are offered via a monthly or annual fee-based subscription to the website www.pluralsight.com, where subscribers stream the videos.  Pl.'s Compl. ¶ 18, ECF No. 1.  Under the terms of a 10-day "free trial" period, a potential purchaser may access up to 1,000 minutes of the online videos without being charged a fee.  Unless cancelled within the 10-day trial period, Pluralsight converts the free trial into a paid subscription, and automatically renews the subscription at the end of each subscription period (the "Automatic Renewal Program").

Plaintiff claims he purchased a Pluralsight subscription in California.  Pl.'s Compl. ¶ 7.  He further alleges that, after subscribing, Defendant emailed him an acknowledgement of his purchase.  Pl.'s Compl., ¶¶ 7, 19.  Plaintiff claims, however, that Defendant did not provide the Automatic Renewal Program's offer terms, cancellation

///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

2

policy, or information on how to unsubscribe before additional payments were collected. Id. at ¶ 19.

Plaintiff filed his Complaint on May 27, 2016, seeking to represent a class of all California consumers who purchased subscriptions for any products from Pluralsight. Id. at ¶ 1. He alleged the Pluralsight's shortcomings as delineated above violated both CAPRS and California's UCL.

The Court issued its Initial Pretrial Scheduling Order ("PTSO") the same day this lawsuit was filed. Under the terms of the PTSO, the parties were given 365 days to complete initial discovery, with additional deadlines being calculated from the close of discovery.

Pluralsight responded to Plaintiff's Complaint by filing a Motion to Dismiss for failure to state a claim upon which relief could be granted, in accordance with Rule 12(b)(6), on June 22, 2016. The basis for that Motion was two-fold. According to Pluralsight, Plaintiff's first cause of action could not be maintained because no direct cause of action was accorded under CAPRS, and the second cause of action failed because Plaintiff failed to plead any injury cognizable under the UCL.

By Memorandum and Order filed February 16, 2017, this Court granted Pluralsight's Motion as to both causes of action but permitted Plaintiff to amend his Complaint in order to state a viable UCL claim. Rather than doing so, Plaintiff allowed judgment to be entered in Pluralsight's favor and then proceeded to appeal this Court's ruling to the Ninth Circuit. By a Memorandum dated March 29, 2018, the Ninth Circuit affirmed dismissal as to the first cause of action on grounds that CAPRS does not create an independent cause of action, but reversed and remanded the Court's dismissal of the second cause of action on grounds that Plaintiff could in fact pursue a UCL claim. ECF No. 22. The mandate was issued to this Court on April 20, 2018 (ECF No. 23), and Pluralsight thereafter filed its answer to the operative complaint on May 18, 2018.

On November 30, 2018, after nothing further had occurred for more than six months, Pluralsight filed the Motion to Dismiss now before the Court, arguing that

Plaintiff's inaction during that period justifies dismissal.  Plaintiff's counsel, for his part, argues that because all dates in the initial PTSO had long since passed by the time the matter was remanded back for further disposition, he believed the Court itself would issue a new PTSO governing the further conduct of this litigation.   According to Plaintiff, he believed he could be subject to sanctions if he proceeded forward with discovery absent an additional PTSO permitting him to do so.   See ECF No. 27, 1:18-22.  Moreover, Plaintiff's counsel claims he thought his partners were negotiating a settlement of the case in any event.  Decl. of Scott J. Ferrell Decl., ECF No. 30-1, ¶ 2.

In addition to opposing Pluralsight's Motion to Dismiss under Rule 41(b), Plaintiff has also filed his own motion seeking a further scheduling order from the Court. Pluralsight does not oppose that Motion provided the matter is not dismissed, but does ask that a bifurcated discovery schedule be adopted by the Court as previously agreed by the parties.

## STANDARD

### A.     Dismissal under Rule 41(b)

Under Rule 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) requires that plaintiffs prosecute their claims with "reasonable diligence" to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).[4]  "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  "[O]nly **unreasonable** delay will support a dismissal for lack of prosecution." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir. 1980) (emphasis added).  "The pertinent question. . . is

---

[4] Similarly. E.D. Local Rule 280(a) requires that counsel "shall proceed with reasonable diligence to take all steps necessary to bring an action to issue and readiness for pretrial conference and trial."

4

not simply whether there has been **any**, but rather whether there has been **sufficient** delay or prejudice to justify a dismissal of the plaintiff's case." Id. (emphasis added). Moreover, to the extent that delay has been occasioned by "what appears to be a good faith error rather than any willful failure to prosecute", dismissal for delay in prosecution is not indicated. Cox v. County of Yuba, No. 2:09-cv-01894-MCE-JFM, 2011 WL 590733 at * 5 (E.D. Cal. Feb. 10, 2011).

Carefully circumscribing the propriety of dismissal in the face of dismissal is necessary since dismissal under Rule 41(b) has been deemed "so harsh a penalty it should be imposed as a sanction only in extreme circumstances." Lal v. California, 610 F.3d 518, 525 (9th Cir. 2010) (quoting Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996)). In determining whether to dismiss a claim for failure to prosecute in particular, a court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunana v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Benzelet, 963 F.3d 1258, 1260-61 (9th Cir. 1992)). The burden of establishing the propriety of dismissal upon consideration of these factors rests with the defendant. Williams v. Grant County, 2017 WL 1334726 at * 3 (D. Or. 2017). Whether to dismiss an action under Rule 41(b) is a matter soundly within the Court's discretion. See Ash v. Cvetkov, 739 F.2d 493, 495 (9th Cir. 1984).

**B.    Amendment to Scheduling Order**

The court's scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause." Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992)

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to

deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)). If the moving party was not diligent, the Court's inquiry should end. Id.

**ANALYSIS**

As indicated above, Plaintiff's counsel states that he expected the Court to sua sponte issue a new scheduling order once this matter was remanded for further proceedings, since the dates established by the initial PTSO had already expired. According to counsel, he believed that moving forward with discovery absent such an order would have amounted to sanctionable conduct. Counsel further states that he also believed his partners were negotiating a potential settlement with Pluralsight during the period between remand and the time Pluralsight filed the instant Motion to Dismiss.

Pluralsight, for its part, counters that there was no communication whatsoever with Plaintiff between the time mandate from the Ninth Circuit was issued, and the time Pluralsight filed its request for dismissal - - a period of more than seven months. Pluralsight urges the Court to dismiss Plaintiff's lawsuit given that delay.

Involuntary dismissal for failure to prosecute is nonetheless, as the preceding section makes clear, a harsh penalty that should be imposed only in the most extreme of circumstances. Lal v. California, 610 F.3d at 525. Analysis of the Pagtalunan factors[5] typically assessed in determining whether dismissal is warranted does not point to dismissal in this instance. First, it is well established that public policy favors disposition of cases on their merits, and dismissing the present case on procedural grounds at this juncture runs afoul of that interest. Second, there is no suggestion whatsoever that less drastic alternatives to dismissal have been even considered. Third, while the public's interest in the expeditious resolution of litigation and the court's need to manage its docket points towards the importance of timeliness in moving cases forward, the seven-

---

[5] See Pagtalunana v. Galaza, 291 F.3d at 642.

month delay here is not extreme, particularly given the highly-impacted caseload of this Court, where civil cases frequently must wait at least three years before the Court's schedule can accommodate a trial.

The last, and perhaps most significant, factor in determining whether a delay in prosecution merits dismissal is the risk of prejudice to the defense. See id. As a preliminary matter, the Court must note that the defense admittedly did nothing to move this case forward between May 19, 2018 and November 29, 2018, either. There is no indication, for example, that the defense made any attempt to contact Plaintiff, or that the defense did anything to file mandatory Rule 26 disclosures once the case was remanded back to this Court and again became active.[6] Significantly, while the defense cites the Eastern District Local Rule 280(a) as requiring Plaintiff to diligently proceed towards bringing an action to trial, by its terms that Rule applies to **all** counsel, and not just to Plaintiff. According to Plaintiff, the defense simply waited for seven months and then moved for dismissal without making any effort to itself move this case forward. That inaction would appear to itself militate against any significant prejudice on Pluralsight's part.

Even more importantly, however, in arguing that it has been prejudiced by the subject delay, Pluralsight simply claims that it "is being prejudiced by continuing to have this lawsuit pending against it…." Reply, 9:13-14. Therefore, Pluralsight advocates a presumption of prejudice simply because of the pendency of this lawsuit. In the context of a dismissal for failure to prosecute, however, case law is clear the mere pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal. Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999). Instead, a party ordinarily suffers sufficient prejudice to warrant case-dispositive sanctions only where the plaintiff's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d

---

[6] Instead, Pluralsight admits that it waited until December 27, 2018, nearly a month after filing its Motion to Dismiss, to serve its initial Rule 26 disclosures on Plaintiff. See Def.'s Opp., ECF No. 32:4:15.

7

1217, 1227 (9th Cir. 2006).

A presumption of prejudice, as advocated by Pluralsight, arises only from an "unexplained" failure to prosecute. See Gray v. Romero, No. 1:13-cv-01473-DAD-GSA.PC, 2017 WL 3383116 at * 3 (E.D. Cal. Aug 7, 2017) (citing Hernandez v. City of El Monte, 138 F.3d 393-400-01 (9th Cir. 1998); see also Nealey v. Transportacion Maritima Mexica, S.A., 662 F.2d at 1280 (delay alone does not create a presumption of prejudice unless plaintiff presents no showing of reasonableness). Instead, "[i]f a plaintiff has come forth with an excuse for delay that is anything but patently frivolous, the burden of proof shifts to the defendant to show at least some actual prejudice." McElroy ex rel. McElroy v. Tracy Unified School Dist., No. 2:07-cv-00086-MCE-EFB, 2008 WL 4754831 at * 6 (E.D. Cal. Oct. 29, 2008).

Here, as indicated above Plaintiff argues that it expected the Court to sua sponte issue a new scheduling order once the case was remanded. Although Plaintiff admittedly did not file a motion seeking the issuance of a new scheduling order, the Court cannot say that its position in this regard was utterly without merit. Additionally, counsel's claim that he mistakenly believed that his partners were negotiating a settlement of this matter is not per se implausible. This shifts the burden back to Pluralsight to show actual prejudice, and it has not done so. Aside from vague and unsubstantiated allegations that memories have faded and documents may be harder to find, no specific instances of prejudice have been identified. Consequently, since the requisite prejudice has not been identified and because the other factors to be considered in justifying dismissal under Rule 41(b) also do not weigh in favor of a terminating sanction either, Pluralsight's Motion to Dismiss necessarily fails.

Inasmuch as the Court declines to dismiss the matter, it next turns to Plaintiff's request that the PTSO be modified. Having found dismissal to be improper on grounds that the subject delay was reasonable under the circumstances, an operative PTSO is obviously necessary in order to move the case forward. While even Pluralsight concedes that point, it advocates bifurcating discovery in pre- and post-certification

phases since this matter is being litigated as a class action, and because proceeding without bifurcation runs the risk of conducting certain discovery that may ultimately be unnecessary. Indeed, Pluralsight points to the fact that the parties submitted a Joint Status Report on September 3, 2016 (ECF No. 10) in which both sides agreed that phased discovery was appropriate given the circumstances of this case. Plaintiff opposes that request, arguing that the fact that the Court did not issue an amended PTSO upon receipt of said Joint Status Report amounts to a tantamount rejection of its proposal for bifurcated discovery.

Plaintiff's argument is misplaced. Neither party moved to amend the PTSO as they should have done, and absent an affirmative request in that regard the issue was not squarely before the Court. Consequently, the Court has not yet taken any position on the merits of phased discovery and given the nature of this action, and the parties' previous stipulation that such discovery was proper, it believes that Pluralsight's proposed PTSO with its phased discovery approach is sensible. In addition, the Court rejects any notion, as suggested by Plaintiff, that the facts of this matter dictate that only Plaintiff should be permitted discovery due to Pluralsight's alleged recalcitrance in doing nothing after remand besides waiting for enough time to transpire to justify moving to dismiss. Both sides bear some responsibility for the subject delay in this matter, and any discovery here must be reciprocal.

////
////
////
////
////
////
////
////
////

**CONCLUSION**

For all the foregoing reasons, Defendant Pluralsight's Motion for Involuntary Dismissal (ECF No. 25) is DENIED. Plaintiff's Motion to Amend Initial Scheduling Order (ECF No. 27) is GRANTED. An amended PTSO will issue separately.

IT IS SO ORDERED.

Dated: May 20, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE